AUTUMN ELLIOTT SBN #230043
ANDREW BERK SBN #248386
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA  90017
Telephone: (213) 213-8000
Facsimile: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org
Andrew.Berk@disabilityrightsca.org

DARA SCHUR SBN #98638
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201
Dara.Schur@disabilityrightsca.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Katie Bassilios,<br><br>                    Plaintiff,<br><br>          vs.<br><br>City of Torrance, CA<br><br>                    Defendant.<br>_____ | Case No.: 14-CV-03059-AB (JEMx)<br><br>**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date Action Filed: April 21, 2014<br>Trial Date: November 10, 2015<br>Hearing Date: September 21, 2015<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Date Action Filed: April 21, 2014<br>Judge: Hon. André Birotte Jr. |

Pursuant to Central District of California Rule 56-1, Plaintiff, as the moving party on the motion for summary judgment referred to in the attached Notice, submits this "Statement of Uncontroverted Facts and Conclusions of Law" and proposed judgment.

## UNCONTROVERTED FACTS

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 1. The City updated its ADA transition plan approximately six years ago. | Deposition of Randall Sellers, 9:15-19 (attached to Declaration of Autumn Elliott as Exhibit F) |
| 2. The accessibility of on-street parking forms no part of the City's ADA transition plan unless it is appurtenant to a City building. | Sellers Depo., 10:4-19, 25:17-26:11 (Exh. F) |
| 3. The curb and surrounding areas in front of Ms. Bassilios's home at 321 Calle Miramar are in the City of Torrance. | Deposition of Craig Bilezerian as 30(b)(6) Witness, 147:18-23 (attached to Declaration of Autumn Elliott as Exhibit B) |
| 4. The City has the authority to change the markings of the curb on public streets under its control, including the authority to paint the curb blue. | Torrance Municipal Code § 61.6.15(e); Bilezerian 30(b)(6) Depo.,125:19-24 (Exh. B) |
| 5. The City conducts maintenance such as refreshing the paint along the curb in front of Ms. Bassilios's home when it becomes faded or otherwise needs refreshing. | Bilezerian 30(b)(6) Depo., 125:19-24, 126:14-17 (Exh. B) |

1

| | |
|---|---|
| 6.  The City also has the authority to install curb cuts or curb ramps along Calle Miramar. | Bilezerian 30(b)(6) Depo., 273:17 – 23 (Exh. B) |
| 7.  The City employs parking enforcement officers who monitor parking along areas under its control, including Calle Miramar. | Deposition of John Douglas Newman as 30(b)(6) Witness, 25:23-25, 28:21-23, 30:6-8, 85:19-21, 54:18-20 (Attached to Declaration of Autumn Elliott as Exhibit D) |
| 8.  The City also has the authority to post signs pertaining to parking in the public right of way along Calle Miramar, including signs warning residents and visitors that their vehicles will be towed if they are parked on the street during street sweeping hours. | Bilezerian 30(b)(6) Depo., 272:22 – 25 (Exh. B) |
| 9.  The City Traffic Engineer has the authority to designate that the stopping, standing, or parking of vehicles on any street is limited or prohibited. | Torrance Municipal Code § 61.6.1 |
| 10. As a general matter, the City of Torrance maintains and controls the roadway in front of Ms. Bassilios's home. | Def. Response to Second Set of Interrogatories, 9:26-27 (Attached to Declaration of Autumn Elliott as Exhibit EE) |
| 11. For example, the City has the authority to reseal the asphalt on Calle Miramar, and in fact completed a slurry seal project on Calle Miramar several years ago. | Bilezerian 30(b)(6) Depo., 274:7-11 (Exh. B) |

*Bassilios v. City of Torrance.* Case No. CV 14-03059 AB (JEMx)
Plaintiff Bassilios's Statement of Uncontroverted Facts and Conclusions of Law

| | |
|---|---|
| 12. Along Calle Miramar in front of Ms. Bassilios's home, the City conducts maintenance tasks such as street sweeping each week, mowing of the center median of the street several times a month, irrigation repair, and tree trimming. | Bilezerian 30(b)(6) Depo., 270:9 – 272:3 (Exh. B) |
| 13. The City has the authority to post traffic signs along Calle Miramar and has done so. | Bilezerian 30(b)(6) Depo., 272:4 – 21 (Exh. B) |
| 14. The City also has the authority to install and maintain fire hydrants and lane and crosswalk markings along Calle Miramar. | Bilezerian 30(b)(6) Depo., 273:5 – 16, 24-274:6 (Exh. B) |
| 15. Plaintiff Katie Bassilios lives on Calle Miramar. | Declaration of Katie Bassilios at ¶ 2; Bilezerian 30(b)(6) Depo, 174:19-20 (Exh. B) |
| 16. Ms. Bassilios's residence is located in the City of Torrance. | Bassilios Decl., ¶ 2; Bilezerian 30(6) Depo., 147:13 – 19 (Exh. B) |
| 17. Ms. Bassilios works as a behavioral therapist. | Bassilios Decl., ¶ 3 |
| 18. She uses her car to commute between her work and home, to visit friends and relatives, to obtain groceries and other necessities, and generally to access the community beyond her home. | Bassilios Decl., ¶ 5 |

3

*Bassilios v. City of Torrance.* Case No. CV 14-03059 AB (JEMx)
Plaintiff Bassilios's Statement of Uncontroverted Facts and Conclusions of Law

| | |
|---|---|
| 19. Ms. Bassilios has physical impairments that substantially limit her ability to walk. | Bassilios Decl., ¶ 6-14; Declaration of Dr. Sophia Chun at ¶19 |
| 20. Due to cerebral palsy and a pin in her foot, Ms. Bassilios has difficulty walking distances greater than 50 feet, walking up and down stairs, walking up and down sloped surfaces, and walking on uneven ground. | Bassilios Decl., ¶ 7-14, 22; Dr. Chun Decl. ¶ 25, 26 |
| 21. Ms. Bassilios has a disabled parking placard issued by the State of California. | Bassilios Decl., ¶ 4, Exhibits A and B to Bassilios Decl. |
| 22. Ms. Bassilios needs a parking space for her car that is as close to her home as possible with minimal stairs, slope, or uneven ground. | Bassilios Decl., ¶ 20, 22 |
| 23. Ms. Bassilios has an assigned garage space at the rear of her apartment building. | Bassilios Decl., ¶ 15 |
| 24. The only two ways Ms. Bassilios can reach the garage from her front door are (1) using a route that is nearly 100 feet long and includes a flight of stairs or (2) using a route that is over 240 feet long and includes a steep incline. | Bassilios Decl., ¶ 15; Declaration of Scott McBrayer at ¶ 15; Declaration of Jeff Mastin at ¶ 38-43. |
| 25. Ms. Bassilios cannot use the garage to park her car. | Bassilios Decl., ¶ 15 |

4

| | |
|---|---|
| 26.Instead, Ms. Bassilios parks her car on the street in front of her home or in the surrounding neighborhood. | Bassilios Decl., ¶ 17 |
| 27.As a general matter, the City of Torrance permits the public to park on a first-come, first-served basis on the street in front of Ms. Bassilios's home and in the surrounding neighborhood. | Bassilios Decl., ¶ 16 |
| 28.The route from the closest street parking area along the curb in front of Ms. Bassilios's home is approximately 50 feet long and is relatively level. | McBrayer Decl., ¶ 13, 23; Mastin Decl,¶ 36 and Exh. D to Mastin Decl. |
| 29.It has less distance to travel and fewer obstacles than other possible routes. | Deposition of Paul Bishop, 48:1-7 (attached as Exhibit H to Declaration of Autumn Elliott) |
| 30.When Ms. Bassilios is unable to park there, she looks for parking elsewhere along the street or in the neighborhood. | Bassilios Decl., ¶ 17; McBrayer Decl., ¶ 6 |
| 31.The paved area between the curb and the residences along Ms. Bassilios's street is narrow, sloped, uneven, and non-existent in places. | McBrayer Decl., ¶ 19; Bilezerian 30(b)(6) Depo., 107:2-7 (Exh. B); Bishop Depo., 47:25-48:7, 72:15-73:13, 74:4-18, 93:17-94:12 (Exh. H) |
| 32.When Ms. Bassilios cannot park in the space in front of her home and must park elsewhere along her street on in the neighborhood, she must walk a greater distance along a route that | Bassilios Decl., ¶ 17-20 |

*Bassilios  v. City of  Torrance.* Case No. CV 14-03059 AB (JEMx)
Plaintiff Bassilios's Statement of Uncontroverted Facts and Conclusions of Law

| | |
|---|---|
| includes sloped and uneven ground – a route that has, in the words of the City's designated 30(b)(6) witness – "no safe place to walk." | |
| 33. State law allows municipalities to designate parking for the exclusive use of people with disabilities who have a disabled parking placard. | California Vehicle Code § 22511.7(a) |
| 34. State law provides that when "a local authority so designates a parking space, it shall be indicated by blue paint on the curb or edge of the paved portion of the street adjacent to the space. In addition, the local authority shall post immediately adjacent to and visible from the space a sign consisting of a profile view of a wheelchair with occupant in white on a blue background." | California Vehicle Code § 22511.7(b)(1) |
| 35. The Torrance Municipal Code authorizes the City's Traffic Engineer to place curb markings to indicate parking or standing restrictions. Under the Municipal Code, blue curb markings "mean parking limited exclusively to the vehicles of physically handicapped persons displaying specified distinguishing license plates." | Torrance Municipal Code § 61.6.15(e) |

6

| | |
|---|---|
| 36. Katie Bassilios requested that the City designate a parking space for people with disabled parking placards in front of her home. | Bassilios Decl., ¶ 24-27, Defendant Answer ¶ 2:8-10, ¶ 23:4-6, ¶ 26:28-2; Def. Response to Requests for Admission, p. 22:18-19 23:3-5 (Exh. DD) |
| 37. The City understood that Ms. Bassilios was requesting a designated parking space for people with disabled parking placards in front of her home due to a disability. | Def. Response to Requests for Admission, p. 24:12-13 (Exh. DD); Bilezerian 30(b)(6) Depo., 103:2-4 (Exh. C); Semaan Depo., 41-42:25-2 (Exh. E) |
| 38. The City did not request Ms. Bassilios to verify the existence of her disability and, for the purposes of her request for a blue curb on-street parking space, assumed she had a qualified disability. | Def. Response to Requests for Admission, 6:11-13 (Exh. DD) |
| 39. The City likewise did not request Ms. Bassilios to verify her need for a blue curb on-street parking space and assumed she would benefit if the City granted her request. | Def. Response to Requests for Admission, 6-7:27-2 (Exh. DD) |
| 40. The City denied Katie Bassilios's request for a blue curb on-street parking space. | Def. Answer, ¶ 25:4-15, ¶ 33:13-14, ¶ 40:27-1 (Exh. J, Dkt. 13) |
| 41. The City told Ms. Bassilios, "We don't do that." | Bassilios Decl., ¶ 26 |

7

| | |
|---|---|
| 42. The City told also Ms. Bassilios, "If we do it for you, we'll have to do it for everyone." | Bassilios Decl., ¶ 26 |
| 43. Craig Bilezerian is the City of Torrance's Deputy Public Works Director and City Engineer. | Bilezerian 30(6) Depo., 42:5 – 7, 50:21 – 24 (Exh. B) |
| 44. On July 25, 2012, Craig Bilezerian told Suzi Bernais, Intake and Referral Advocate for Disability Rights California that the City of Torrance does not provide any blue striping or handicapped parking designation on any of its streets. | Declaration of Suzi Bernais at ¶ 8, 9 |
| 45. In considering Ms. Bassilios's reasonable accommodation request, the City took into account the public's perception of creating a parking space for one individual. | Bilezerian Expert Depo., 37:15-24, 156:10-162:17 (Exh. G) |
| 46. After Ms. Bassilios's attorney contacted the City about her request that the City designate a parking space in front of her home for people with disabilities, the City again denied Ms. Bassilios's request, stating, "the City's Public Works Department has consistently refused to blue curb on-street parking. This is because the Americans with Disabilities Act | Declaration of Andrew Berk at ¶ 3-7; August 20, 2012 Letter from John Fellows to Andrew Berk, at CITY-000156, attached as Exh. A to Declaration of Andrew Berk |

8

| | |
|---|---|
| requires a loading zone of at least 5 feet adjacent to an accessible parking space. In the case of on-street parking parallel to a curb, the additional 5 feet would cause the accessible parking space to protrude into a travel lane." | |
| 47. There are no technical access standards that apply to on-street parking. | Bilezerian Expert Depo, 60:1-4, 69: 23-25, 90:8-11, 97:3-6. (Exh. G); Bishop Depo, 43:13-20, 57:23-24, 108:8-10 (Exh. H); Mastin Decl. ¶ 47-51 |
| 48. There are no California state accessibility standards that apply to the street in front of Ms. Bassilios's home. | Bishop Depo., 106:22-107:5 (Exh. H); Mastin Decl. ¶ 47-51 |
| 49. Craig Bilezerian was one of the three City officials to make the decision to deny Katie Bassilios's accommodation request. | Bilezerian 30(6) Depo., 2106:9 – 12 (Exh. B) |
| 50. He is also the person designated by the City to handle all similar requests. | Bilezerian 30(6) Depo., ¶ 51:9 – 12 (Exh. B) |
| 51. As late as June 22, 2015, Craig Bilezerian had no idea what the term "undue burden" meant. | Bilezerian 30(b)(6) Decl., 236:6-238:2 (Exh. B) |
| 52. As late as June 22, 2015, Craig Bilezerian had no idea what the term "fundamental alteration" meant. | Bilezerian 30(b)(6) Decl., 238:4-239:13 (Exh. B) |
| 53. Nor could Mr. Bilezerian say whether "fundamental alteration" was | Bilezerian 30(b)(6) Decl., 238:4-239:13, (Exh. B) |

9

| | |
|---|---|
| even part of the City's evaluation of Ms. Bassilios's request. | |
| 54.The City painted a section of the curb in front of Ms. Bassilios's home green. | Def. Answer, ¶ 25:20-24 (Exh. J, Dkt. 13), ; Def. Response to RFA, 22:1-2; 23:18-19 (Exh. DD) |
| 55.The color green does not reserve the parking space for people with disabled parking placards. | Torrance Municipal Code § 61.6.15(d) |
| 56.On Sundays, legal holidays, and the 14-hour period between 6:00 p.m. and 8:00 a.m. of any other day, there are no special restrictions on parking spaces marked with a green curb. | "Green shall mean no standing or parking for a period of time longer than twenty (20) minutes at any time between 8:00 a.m. and 6:00 p.m. of any day except Sundays and legal holidays." Torrance Municipal Code § 61.6.15(d) |
| 57.Over 2/3, or 68%, of the time, there are no restrictions on the parking in front of Ms. Bassilios's home. It is as if the curb had no markings at all during those periods. | Mastin Decl. ¶ 89 |
| 58.Ms. Bassilios is at work during most of the day. | Bassilios Decl. ¶ 28 |
| 59.On evenings, weekends, and holidays, when she is off from work, she would like to be able to do things independently like get her hair done, get her oil changed, or go grocery shopping. | Bassilios Decl. ¶ 28-30 |

10

| | |
|---|---|
| 60. Even when Ms. Bassilios wishes to come and go during the times that a twenty-minute parking restriction applies to people without disabled parking placards, she is often unable to utilize the space because it is occupied by a vehicle not displaying a disabled parking placard. | Bassilios Decl. ¶ 30 |
| 61. Ms. Bassilios notified the City a number of times through her attorney that the green zone did not work as an accommodation for her disability and that she needed a parking space designated for people with disabilities. | Defendant Answer ¶ 39:17-19 (Exh. J, Dkt. 13); Berk Decl.,¶ 8-14, Exh. B and C to Berk Decl. |
| 62. The City continued to deny Ms. Bassilios's request for a parking space designated for people with disabilities, stating that they were "unable to find any regulations that describe the dimensions, maximum slope, painting, signage, and safe path of travel requirements for accessible on-street parking spaces" or "any design standards including, but not limited to, painting, signage, maximum slope, and ramp requirements for the curb, gutter, and sidewalk adjacent to accessible on-street parking." | November 27, 2013 E-mail from Patrick Sullivan to Andrew Berk, CITY-000230, Berk Decl.,¶ 14, Exh. E to Berk Decl. |

*Bassilios v. City of Torrance.* Case No. CV 14-03059 AB (JEMx)
Plaintiff Bassilios's Statement of Uncontroverted Facts and Conclusions of Law

| | |
|---|---|
| 63.The cost of designating a space for people with disabled parking placards is roughly $2,205 ($500 materials cost for sign, sign-post, and paint, and 20 man-hours at $80 per hour, plus 5% added in recognition that there are contingencies in construction). | Mastin Decl. ¶ 52 |
| 64.The public right-of-way extends fully fifteen feet from the curb at the street onto the parkway. | Mastin Decl. ¶ 65 |
| 65.As a result, the City is free to install an accessible space equipped with a curb ramp or an access aisle. | Mastin Decl. ¶ 67 |
| 66.The City could feasibly do both at the site at a  cost of approximately $10,000 to $25,000. | Mastin Decl. ¶ 68-69, Exhibit J to Mastin Decl. |
| 67.The extent of the public-right-of way allows any conceivable configuration of accessible space the City could desire. | Mastin Decl. ¶ 65 |
| 68.If it wished, through a fairly simple and straightforward modification the City could provide a level parking space by adding an asphalt overlay in the street and replacing the curb along the property line. | Mastin Decl. ¶ 63, Exhibit E to Mastin Decl. |
| 69.The City has sufficient right-of-way that it could even stripe the street | Mastin Decl. ¶ 70, Exhibit I to Mastin Decl. |

12

| | |
|---|---|
| to permit angled parking, thereby increasing the total number of spaces available and allowing the City to easily install an access aisle. | |
| 70. The City has denied all requests to designate parking spaces for people with disabled parking placards in residential areas since at least 1999. | Defendant's Response to Request for Admission, 5:13 (Exh. DD) |
| 71. There are no on-street parking spaces designated for people with disabled parking placards in the entire City of Torrance. | Defendant's Response to Interrogatory, 4:1-3 |
| 72. The City sent letters to various members of the public in which it stated "As a general policy, the City of Torrance does not designate handicap parking on public streets." | September 16, 1998 letter from Helene Buchman to Fred Nickel CITY-005290, attached as Exhibit K to Declaration of Autumn Elliott; November 6, 2000 letter from Ted Semaan to Martha Locke CITY-005748, attached as Exhibit L to Declaration of Autumn Elliott; June 5, 2001 letter from Ted Semaan to Edith Fournier CITY-005732, attached as Exhibit M to Declaration of Autumn Elliott; June 12, 2001 letter from Ted Semaan to Raelyn Morgan CITY-005749, attached as Exhibit N to Declaration of Autumn Elliott; November 8, 2001letter from Sepideh Sedadi to First United |

13

Methodist Church CITY-005284, attached as Exhibit O to Declaration of Autumn Elliott; November 26, 2001 letter from Ted Semaan to First United Methodist Church CITY-005730, attached as Exhibit P to Declaration of Autumn Elliiott; April 9, 2002 Letter from Ted Semaan to Mary Ann Dibb CITY-005725, attached as Exhibit Q to Declaration of Autumn Elliott; September 29, 2004 letter from Ted Semaan to Ralph Woodard CITY-005834, attached as Exhibit R to Declaration of Autumn Elliott; December 29, 2004 letter from Ted Semaan to Earl Kuroyama CITY-005746, attached as Exhibit S to Declaration of Autumn Elliott; February 25, 2013 letter from William Kamimura to Marsha Dear CITY-005017, attached as Exhibit T to Declaration of Autumn Elliott; same statement but "matter" instead of "policy," January 12, 2000 email from Ted Semaan to Kathy Reilly CITY-005278, attached as Exhibit U to Declaration of Autumn Elliott; December 6, 2012 letter from William Kamimura to Tiffany Vakharia CITY-

14

| | |
|---|---|
| | 005027, attached as Exhibit V to Declaration of Autumn Elliott; February 25, 2013 letter from William Kamimura to Cyrus Knopp PRA-000110, attached as Exhibit W to Declaration of Autumn Elliott; September 30, 2013 letter from William Kamimura to Rita Harjala PRA-000123, attached as Exhibit X to Declaration of Autumn Elliott; also: "The City of Torrance currently does not have a policy of designating disabled parking on our public streets," July 6, 1999 Letter from Mayor Dee Hardison to Fred Nickel CITY-005283, attached as Exhibit Y to Declaration of Autumn Elliott |
| 73. Ted Semaan, [explain who he is], admitted that the statement "As a general policy, the City of Torrance does not designate handicap parking on public streets," was "accurate in the sense of the sentence that we use in our correspondence. And in this case, yes, that was accurate for the response." | Semaan Depo. 89:8-16 (Exh. E) |
| 74. Notations in the City's own records contain numerous references to a policy of denying requests to | "Informed Harold that it is not City policy to install HCP/blue curb," PRA-000049, attached as Exh. Z to Declaration of Autumn Elliott; |

15

| | |
|---|---|
| designate on-street parking spaces for people with disabilities. | "10/1/13: Semaan spoke with Ms. Ahulii and indicated do not do blue curb," PRA000130, attached as Exh. AA to Declaration of Autumn Elliott; "4/19/11: responded via email citing that the City does not install handicapped markings along city streets," CITY-001719, attached as Exh. BB to Declaration of Autumn Elliott; "3/29/11: Request Denied. Informed Tom that we do not install handicapped parking on street curb in front of a residence, since we do not have the ability to meet all of the ADA requirements.  Furthermore, we cannot assign a handicapped space to any one person." CITY-001718, attached as Exh. CC to Declaration of Autumn Elliott |
| 75. The City "is a municipal corporation organized under the laws of the State of California." | Def. Answer to First Amended Complaint ("Def. Answer") (Exh. J, Docket No. 13), ¶ 11, 1-3, ¶ 12, ll. 6-9, ¶ 17: ll. 8-12 |
| 76. The City receives federal funding, including Community Development Block Grant (CDBG) funding. | Answer of Defendant City of Torrance to Plaintiff's First Amended Complaint (Docket No. 13), ¶¶ 16-17; Deposition of Linda Cessna  at 15:1-25, 16:13-22 |

16

| | |
|---|---|
| | (attached to Declaration of Autumn M. Elliott, Exh. C) . |
| 77. The City has received CDGB federal funds since at least 2011. | Cessna Depo. 35:16-20 (Exh. C) |
| 78. The City allocates CDBG funding to various projects. | Cessna Depo. 36:3-12; 37:7-12 (Exh. C) |
| 79. The City Department overseeing a project manages the CDBG funds for that project. | Cessna Depo. 37:7-12 (Exh. C) |
| 80. All projects the City designates CDBG funds for are within the City of Torrance. | Cessna Depo. 46: 13-15 (Exh. C) |
| 81. All departments involved in CDBG-funded projects are City departments. | Cessna Depo. 46: 16-18 (Exh. C) |
| 82. The City's Department of Public Works receives federal funding, including CDBG funds. | Defendant City of Torrance's Response to Plaintiff's First Set of Requests for Admission, 18:25, 19:1-12 (Exh. DD); Bilezarian 30(b)(6) Depo. at 249-250:24-12; 250-251:25-3; 252:10-11; 252-253:23-2; 256:1-9; 255:5-14. (Exh. B) |
| 83. The City uses federal funds, including CDBG funds, for streets, curbs, and/or sidewalks. | Cessna Depo. 16:15-22; 19:19-24; 20:6-9; 20:23-25, 21:1-11; 25:4-12, 15-17; 26, 11-21; p. 27, 6-16; 28: 12-19; p. 29: 19-25; 32:4-6; 38:24-25; 39:1 (Exh. C); Bilezarian 30(b)(6) Depo. 249-250:24- |

| | | |
|---|---|---|
| | | 12; 250-251:25-3; 251:14-17; 252:2-4; 252:10-16; 255:5-14 (Exh. B) |
| | 84. The City Department of Public Works uses federal funds, including CDGB federal funds, for streets, sidewalks, and curbs. | Cessna Depo. 38:24-25; 39:1 (Exh. C); Bilezarian Depo. 249-250:24-12; 250-251:25-3; 251:14-17; 252:2-4; 252:10-16; 255:5-14 (Exh. B) |
| | 85. The City uses federal funds, including CDBG funds, for disability accessibility of sidewalks, streets, and curbs. | Cessna Depo. 27:11-25; 28:1-5; p. 39: 4-8 (Exh. C); Bilezarian Depo. 249-250:24-12; 250-251:25-3; 251:14-17; 252:2-4; 252:10-16; 253-254: 24-2 (Exh. B) |
| | 86. The City Department of Public Works uses federal funds, including CDBG funds, for at least some projects for disability accessibility of streets, sidewalks, and curbs. | Cessna Depo. 39:4-8 (Exh. C); Bilezarian Depo. 249-250:24-12; 250-251:25-3; 251:14-17; 252:2-4; 252:10-16; 253-254: 24-2 (Exh. B) |
| | 87. The Department of Public Works determines where in the City CDBG federal funds are used for sidewalks. | Cessna Depo., 27: 8-16 (Exh. C) |
| | 88. The City receives state funds. | Answer of Defendant City of Torrance to Plaintiff's First Amended Complaint (Exh. J, Docket No. 13) ¶ 14 |
| | 89. The City Department of Public Works receives state funds. | Defendant City of Torrance's Response to Plaintiff's First Set of Requests for Admission 19:13-26; Bilezarian 30(b)(6) Depo. 257:4-12; 257:17-19; 258:7-9; 259-260:19-8; 260-261:24-5; 267:4-17 (Exh. B) |

18

| | |
|---|---|
| 90. The City Department of Public Works has used state funding for street rehabilitation. | Bilezerian 30(b)(6) Depo., 267-268:18-4 (Exh. B) |
| 91. The City's overall budget for FY 2014 was $ $283.3 million and the Public Works Department budget was $29.7 million. | "Comprehensive Annual Financial Report, Fiscal Year Ended June 30, 2014," attached as Exh. 43 to Bilezerian 30(b)(6) Depo (Exh. B) |
| 92. Ms. Bassilios has significant limitations in walking due to, among other things, spastic diplegia, a condition common to individuals with cerebral palsy, and a pin surgically placed in her foot following a stress fracture. | Bassilios Decl. at ¶ 6-14; Dr. Chun Decl. at ¶12-26 |
| 93. These conditions make it difficult for her to walk longer distances, to carry items as she walks, to climb a flight of stairs, and to walk on a sloped or uneven surface. | Bassilios Decl. at ¶ 6-14; Dr. Chun Decl. at ¶12-26 |
| 94. The spots nearest her home are frequently taken and she has to park so far away that it is difficult for her to walk from her car to her home. | Bassilios Decl. at ¶ 16-20 |
| 95. This circumstance prevents Ms. Bassilios from having independent access to the community outside her home, as she must either depend on others to drive her to destinations or | Bassilios Decl. at ¶ 20-24 |

19

| park her car for her, experience unnecessary pain and risk of falling when she must park far from her home, or forego going outside her home at all. | |

Based on the foregoing Uncontroverted Facts, the following Conclusions of Law should be made:

### CONCLUSIONS OF LAW

1. The City of Torrance is a "public entity" as defined by 42 U.S.C. § 12131(A).

2. The City and its Public Works Department are covered by Section 504 due to their receipt of "federal financial assistance" as defined by 29 U.S.C. § 794(a).

3. The City and its Public Works Department are covered by Cal. Gov't Code § 11135 due to their receipt of "financial assistance from the state" as defined by Cal. Gov't Code § 11135(a).

4. Katie Bassilios is a qualified individual with a disability as defined by 42 U.S.C. § 12132 and 29 U.S.C. § 794(a), and has a "disability" as defined by 42 U.S.C. § 12102(1), 29 U.S.C. § 705(20)(B), Cal. Gov't Code § 11135(c)(1), and Cal. Gov't Code § 12926(m).

5. Maintaining on-street parking is a normal function of a city and without a doubt something that a City does, and the on-street parking in front of Ms. Bassilios's home is therefore covered by the Americans with Disabilities Act. Defendant's Third Affirmative Defense should be dismissed.

6. As a result of Defendant's failure to provide a reasonable accommodation, Katie Bassilios was excluded from participation in, denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by Defendant; and such exclusion, denial of benefits, or discrimination was by reason of her disability.

*Bassilios v. City of Torrance.* Case No. CV 14-03059 AB (JEMx)
Plaintiff Bassilios's Statement of Uncontroverted Facts and Conclusions of Law

7.  There is no material evidence to support Defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-first, Twenty-second, Twenty-third, Twenty-fourth, Twenty-fifth, Twenty-sixth, Twenty-seventh, Twenty-eighth, Twenty-ninth, Thirtieth, Thirty-second, Thirty-fourth, Thirty-fifth, Thirty-sixth, Thirty-seventh, and Thirty-eighth Affirmative Defenses.

DATED: August 21, 2015                  Respectfully submitted,

/s/ Autumn Elliott
AUTUMN ELLIOTT SBN #230043
ANDREW N. BERK SBN #248386
DISABILITY RIGHTS CALIFORNIA
350 S. Bixel Ave., Suite 290
Los Angeles, CA 90010-2512
Telephone: (213) 213-8000
Facsimile: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org
Andrew.Berk@disabilityrightsca.org

/s/ Dara Schur
DARA SCHUR #98638
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201
Dara.Schur@disabilityrightsca.org

Attorneys for Plaintiffs

*Bassilios v. City of Torrance.* Case No. CV 14-03059 AB (JEMx)
Plaintiff Bassilios's Statement of Uncontroverted Facts and Conclusions of Law