UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE BASSILIOS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, CA<br><br>　　　　Defendants. | Case No. CV 14-03059-AB (JEMx)<br><br>**ORDER RE: PERMANENT INJUNCTION** |

　　　On December 4, 2015, the Court issued an Order granting Plaintiff Katie Bassilios's ("Plaintiff") motion for partial summary judgment, finding that the City of Torrance ("City") violated Title II of the Americans with Disabilities Act (the "ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and California Government Code §11135 when it denied her request for a designated handicapped parking space on the street in front of her apartment.

　　　Now before the Court is Plaintiff's Motion for Injunctive Relief. (Dkt. No. 126.) The City filed an Opposition and Plaintiff filed a Reply. The Court heard oral argument on January 19, 2016. After full consideration of the admissible evidence, the moving and opposing papers, the authorities submitted by counsel, the December 4 Order, and counsel's oral argument, the Court **GRANTS IN PART AND DENIES**

1.

**IN PART THE MOTION**, as follows.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. Within thirty (30) days from the date of this Order and Injunction, the City is ordered to install an on-street parking space designated for people with disabilities, and consistent with California Vehicle Code Section 22511.7(a) and Torrance Municipal Code Section 61.6.15(e), by painting the curb blue and installing the sign required by California Vehicle Code Section 22511.7(b) (referred to herein as a "Blue Curb Space") in the public right-of-way in front of the apartment building located at 321 Calle Miramar. This deadline may be extended for good cause, including but not limited to inclement weather or the unavailability of personnel or equipment.

2. The City may remove the Blue Curb Parking Space (including the Blue Curb Parking Space described in Paragraph 1) if the person who requested it no longer needs it (e.g., because he or she has moved) or is no longer qualified to use it (e.g., because his or her disability was temporary). This Order and Injunction does not preclude the City from adopting a policy or procedure to determine whether Blue Curb Parking Spaces are needed, such as requiring persons who requested the accommodation to periodically renew their requests.

3. If the City denies a request for a Blue Curb Parking Space, it shall comply with the requirements of 28 C.F.R. § 35.150(a)(3), as that regulation is amended from time to time or replaced with a successor regulation.

4. If it has not done so already, within thirty (30) days from the date of this Order and Injunction, the City is ordered to comply with 28 C.F.R. § 35.107(a), and 45 C.F.R. § 84.7(a), as those regulations are amended from time to time or replaced with successor regulations. These regulations generally require certain public entities to designate a "responsible employee" to coordinate the public entity's efforts to comply with and carry out its responsibilities under the ADA and Section 504. The City's "responsible employee" shall be trained in the ADA, Section 504, and state

laws relating to disability rights, including the City's obligations with respect to requests for parking accommodations, sufficient to fulfill the duties of that position, within thirty (30) days of being appointed. The thirty day deadline may be extended for good cause.

5. If it has not done so already, within six months from the date of this Order and Injunction, the City is ordered to comply with 28 C.F.R. § 35.107(b), and 45 C.F.R. § 84.7(b), as those regulations are amended from time to time or replaced with successor regulations. These regulations generally require certain public entities to adopt a "grievance procedure" that provides for the prompt and equitable resolution of complaints alleging any action prohibited by the ADA and Section 504.

6. The City is further ordered to take all actions necessary within the scope of its authority to implement the above injunction.

IT IS FURTHER ORDERED that this injunction will remain in full force and effect until the final judgment of this Court upon the trial of this action, or further order of this Court, whichever comes soonest. It is the intent of this Court that this injunction will be incorporated into the final Judgment of this Case following determination of Plaintiff's claim for damages. The Court shall retain jurisdiction of the injunctive provisions of this case for five (5) years, to determine any disputes about implementation.

IT IS SO ORDERED AND DECREED.

Dated: January 22, 2016  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE